———o———

No. 2439.

(Court of Appeal, Parish of Orleans.)

L. M. LAYMAN, Receiver, vs. STERNBERG & STERN.

Appeal from Civil District Court, Division "A."

Solomon Wolff, for Plaintiff and Appellant.

B. Titche, for Defendant and Appellee.

1. The remanding of cause for a particular purpose or for all purposes and the conditions annexed to such action rest within the sound discretion of the appellate Court.

2. Although the more frequent course has been to reverse and remand cases have arisen when remanding has been had without reversal, and when the appeal has been kept in abeyance.

DUFOUR, J. On October 8th, the transcript in this cause was lodged in this Court, and on October 18th, 1900, defendants and appellees made a motion to dismiss for failure imputable to plaintiff and appellant, to bring up the following described documents:

"A certain memorandum introduced and filed by plaintiff and referred to in the evidence as 'P. 5'; two certain letters, one an original of date December 26th, and a press copy of a letter of date December 27, said letters being referred to in the evidence as 'P. 3' and 'P. 4,' as appears by the note of evidence filed and brought up in said transcript."

On November 22nd, 1900, appellant took a rule on the Clerk of the Civil District Court to show cause why he should not send up the missing documents. The latter appeared personally at the bar of this Court and stated, after diligent search, he had failed to find the missing documents. Whereon the cause was continued indefinitely with a view of affording an opportunity of amicably reconstructing the record.

On May 19th, 1903, appellant, suggesting that the above mentioned documents were not in the transcript of appeal without any fault of his, asked that the case be remanded for a new trial, appellees to pay costs of appeal. The case was at this term heard and submitted on the motion to remand. The motion to dismiss having been withdrawn on May 21st, 1903.

To reverse the judgment and deprive the appellee, who is without fault, of the benefit of the bond, would be unfair; to pass upon the merits of the case without the documents which, though filed after judgment, were considered by the trial judge and have since been mislaid, would be equally unfair to appellant, who relies on those documents to reverse the judgment against him.

225

This case is a peculiar one and appeals for a fair settlement to the equitable powers of the court.

Remanding without reversing naturally suggests itself as the proper procedure to do justice to both parties, particularly as the real purpose is the reconstruction of the record. The remanding of a cause for a particular or for all purposes, and the conditions annexed to such action, rest within the sound discretion of the appellate Court. Although the more frequent course has been to reverse and remand, cases have arisen when remanding has been had without reversal, and when the appeal has been kept in abeyance.

There is no law against such precedure, and the Supreme Court has recently sanctioned it in the matter of Mrs. Pettis praying for possession, decided Monday, April 11th, 1904.

The appeal is therefore held here for subsequent action, and it is ordered that the parties litigant be relegated to the Court *a qua* for the purpose of taking secondary evidence as to the contents of the documents offered in evidence and not included in the record, and that such evidence be forwarded to this Court in due course, all costs to await the final determination of the cause.

April 18th, 1904.

Rehearing refused May 16th, 1904.